NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4086
_____

GARY STRAUSSER; STRAUSSER ENTERPRISES INC.

v.

TOWNSHIP OF FORKS; KARL KLINE, Esquire; DAVID L. HOWELL

_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-09-cv-05859)
District Judge: Honorable Mitchell S. Goldberg
_____

Submitted Under Third Circuit LAR 34.1(a)
January 23, 2012
_____

Before: AMBRO, CHAGARES and HARDIMAN, Circuit Judges

(Opinion filed: January 30, 2012)
_____

OPINION
_____

AMBRO, Circuit Judge

Gary Strausser and Strausser Enterprises Inc. ("SEI") appeal the District Court's

order staying their suit against the Township of Forks, Karl Kline, and David L. Howell,

pending the resolution of related state-court litigation. Because the District Court's stay

1

order is not a "final decision[]" under 28 U.S.C. § 1291 and is not otherwise appealable, we dismiss for lack of appellate jurisdiction.

I.

Because we write solely for the parties, we set forth only those facts necessary to our decision. In 2000, the Township of Forks, Pennsylvania, tentatively approved SEI's plans for the construction of a residential real estate development. Things, however, went south. The Township and SEI are now caught in a thicket of litigation.

In 2007, SEI sued Forks in the Pennsylvania Court of Common Pleas, alleging that the Township attempted to overcharge it for hundreds of thousands of dollars in inspection, engineering, and legal fees. *See Strausser Enters., Inc. v. Twp. of Forks,* No. C0048CV2007-005131 (Pa. Ct. Com. Pl.) (the "Fee Case"). The parties submitted the case to arbitration and the amount due to Forks was greatly reduced.

After SEI filed the Fee Case, Forks filed three lawsuits of its own against SEI. In its first suit, Forks alleged that it owned eight maple trees SEI had removed near the edge of the planned development and that the trees' removal violated the Township's planned residential development ("PRD") zoning ordinance. *See Twp. of Forks v. Strausser,* No. C0048-CV-2007-8272 (Pa. Ct. Com. Pl.) (the "Tree Case"). The Court of Common Pleas has since granted SEI summary judgment in the Tree Case. SEI also filed a counterclaim in that proceeding for abusive litigation, among other things, but the Court of Common Pleas dismissed it. Two weeks after SEI filed its counterclaim, Forks sued SEI a second time, demanding that it replenish certain escrow accounts. *Twp. of Forks v. Strausser Enters., Inc.,* No. C0048CV2009-l0928 (Pa. Ct. Com. Pl.) (the "Escrow Case"). That

2

same day, Forks filed its third lawsuit against SEI. *See Twp. of Forks v. Strausser,* No. C0048CV2009-10929 (Pa. Ct. Com. Pl.) (the "PRD Case"). In that action, Forks sought a declaratory judgment that SEI's rights to certain phases of the development were permanently terminated or forfeited. SEI claims that the Tree Case, the Escrow Case, and the PRD Case are baseless and nothing more than retaliation for its filing the Fee Case and a counterclaim in the Tree Case.

SEI also asserts that Forks has retaliated against it in ways other than the prosecution of baseless litigation, including "the publication of false accusations of criminal, immoral and horrific conduct, and attempts to delay, frustrate and ultimately terminate [its] development rights." SEI Br. at 4. For example, according to SEI, Forks improperly refuses to release funds from a letter of credit. SEI also claims that Forks has added substantial, punitive conditions to the development's final plans that were not included in the tentative plans. According to SEI, Forks changed its curb specifications, added construction of a drainage swale, and demanded that a road be widened. Forks also restricted the issuance of permits for Phase 7 of the development. This restriction, says SEI, prevented it from selling Phase 7 to another developer for $8 million. SEI had previously sold other phases of the development to other real estate developers.

SEI filed the fifth suit in this saga in federal court. The complaint makes two claims against Forks, Kline (Forks's Solicitor), and Howell (Chairman of Forks's Board of Supervisors) under 42 U.S.C. § 1983: (1) retaliation against SEI for engaging in protected conduct under the First Amendment (*i.e.*, filing the Fee Case and the counterclaim in the Tree Case), and (2) deprivation of SEI's right to the equal protection

3

of the law. It also asserts two common law claims against Kline and Howell: (1) abuse of process, and (2) malicious prosecution.

The District Court stayed the federal proceedings "until the resolution of the underlying state court proceedings so that [the Court] can determine whether the [d]efendants are entitled to *Noerr-Pennington* immunity." The Court explained:

> In a § 1983 action, a public entity is protected from liability pursuant to *Noerr-Pennington* for filing a lawsuit as long as the public entity is authorized by state law to file that lawsuit. *Schneck v. Saucon Valley Sch. Dist.*, 340 F. Supp. 2d 558, 573 (E.D. Pa. 2004) (citations omitted). A public entity can only be liable for the filing of such a lawsuit if it was both objectively baseless and subjectively intended to abuse the process. *Id.* at 574. Therefore, given the pendency of the underlying state civil litigation and its direct correlation to potential *Noerr-Pennington* immunity, a stay will provide all parties an opportunity to resolve the underlying litigation and will allow full consideration of all relevant facts and legal issues from those actions as they relate to the above-captioned action at a later time.

The Court ordered SEI's counsel to "notify the Court in writing within seven (7) days of the resolution of all related underlying state court actions."

SEI seeks to appeal the propriety of the District Court's stay order. At our direction, the parties submitted supplemental briefing on the appealability of the District Court's stay order.

## II.

Under 28 U.S.C. § 1291, we have appellate jurisdiction over "final decisions" of district courts, "except where a direct review may be had in the Supreme Court."[1]

---

[1] We also have appellate jurisdiction over certain interlocutory orders under 28 U.S.C. § 1292 and the collateral order doctrine announced in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949). SEI does not argue that the District Court's stay order fits either of these two categories.

4

Whether a decision is "final" depends on its effect. *Marcus v. Twp. of Abington*, 38 F.3d 1367, 1370 (3d Cir. 1994). "Ordinarily, a final decision will have two effects. First, the decision will fully resolve all claims presented to the district court. Second, after the decision has been issued, there will be nothing further for the district court to do." *Aluminum Co. of Am. v. Beazer East, Inc.*, 124 F.3d 551, 557 (3d Cir. 1997); *see also Catlin v. United States*, 324 U.S. 229, 233 (1945) ("A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."). Thus, "there is no final order if claims remain unresolved and their resolution is to occur in the district court." *Aluminum Co. of Am.*, 124 F.3d at 557.

The "usual rule" is that a stay order is not a "final decision[]" under § 1291. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 10-11 n.11 (1983). But, an order that stays a federal court suit pending the resolution of related state-court litigation is final and appealable if it "amounts to a dismissal of the suit." *Id.* at 10. Such an order is final and appealable if it "surrender[s] jurisdiction of a federal suit to a state court" by "requir[ing] all or an essential part of the federal suit to be litigated in a state forum." *Id.* at 10 n.11. However, the order is not final and appealable "merely because it may have the practical effect of allowing a state court to be the first rule on a common issue." *Id.*

Here, the District Court's stay order does not "amount to a dismissal of the suit." *Id.* at 10. In its federal complaint, SEI alleges that it has been deprived of its rights under the First and Fourteenth Amendments. Win or lose in state court, SEI must return to the District Court to resolve these constitutional claims because they are not included in any

5

of the pending state-court suits. Those cases involve only issues of substantive Pennsylvania law, such as whether Forks may require SEI to replenish certain escrow accounts and whether SEI's rights to certain phases of the development are terminated or forfeited. Therefore, the effect of the stay will not dispose of SEI's claims nor will it leave nothing for the District Court to do.

To be sure, whether SEI prevails in state court will affect the character and scope of the federal litigation. However, this is not to suggest, as SEI argues, that the District Court is "requir[ing] all or an essential part of the federal suit to be litigated in a state forum." *Id.* at 10 n.11. Instead, the District Court permissibly allowed "a state court to be the first rule on a common issue." *Id.* If SEI prevails in state court, then the parties may return to District Court to litigate all the factual and legal issues pertaining to SEI's constitutional claims. But if SEI does not prevail, then we can assume (for present purposes) that SEI will be effectively precluded from proving that the state litigation was objectively baseless. If the state litigation turns out not to be objectively baseless, then Forks can claim *Noerr-Pennington* immunity for filing and prosecuting the suits. Nonetheless, as noted above, SEI's complaint includes other allegations of retaliatory conduct unrelated to the filing and prosecution of the state lawsuits, allegations that cannot be shielded by *Noerr-Pennington*. These include SEI's allegations that Forks improperly refused to release funds from SEI's letter of credit and improperly added new conditions to the development's final plans. So even if the resolution of the state-court litigation effectively decides the *Noerr-Pennington* question in Forks's favor, SEI still

6

has a possible path to recovery on its constitutional claims that it may pursue in District Court.

SEI claims its case is similar to *Trent v. Dial Medical of Florida, Inc.*, where we held that staying a federal negligence action pending resolution of a related state-court class action on the issues of duty and breach amounted to a requirement that all or an essential part of the federal suit be litigated in a state forum. 33 F.3d 217, 221 (3d Cir. 1994). We disagree. Unlike SEI, Trent could not pursue his federal claims absent a favorable outcome in the related state-court litigation. *Id.* at 222.

We have carefully considered the other cases SEI claims are comparable to its own, and also find them to be distinguishable. In *Moses H. Cone*, the federal and state proceedings involved the "identical issue of arbitrability." 460 U.S. at 10. In fact, that issue was the "only substantive issue present in the federal suit." *Id.* The Supreme Court explained that "a stay of the federal suit pending resolution of the state suit meant that there would be no further litigation in the federal forum; the state court's judgment on the issue would be res judicata." *Id.* As a result, the plaintiff was "effectively out of court[,]" and the "stay order amount[ed] to a dismissal of the suit." *Id.* In contrast, as explained above, resolution of the state suits in SEI's case will not resolve or prevent further litigation in federal court.

*Schall v. Joyce* also does not suggest that the District Court's stay order is final and appealable. 885 F.2d 101, 102-03 (3d Cir. 1989). In that case, Schall sought to challenge in federal court the constitutionality of Pennsylvania's confession of judgment procedures and sought to have a judgment previously entered against her in state court by

confession marked satisfied. *Id.* The district court in that case specifically directed Schall to go to state court to try to have the judgment in question opened or struck. As we explained, the district court's actions demonstrated a clear surrender of its jurisdiction to a state forum. *Id.* at 105. The court had directed Schall to try and obtain an important aspect of the relief sought in her federal complaint in a state forum. Unlike Schall, SEI will not obtain any relief on the constitutional claims raised in its federal complaint in the pending state litigation.

The District Court's stay order serves only to delay deciding the claims in SEI's federal complaint. And "[i]f . . . [a stay] order only serves to delay the federal adjudication, it is not final and not appealable." *Marcus*, 38 F.3d at 1372.

*   *   *   *   *

For the foregoing reasons, we dismiss for lack of appellate jurisdiction.